THE ALABAMA GREAT SOUTHERN RAILROAD *vs.* WILKIN-
SON *et ux.*

In a suit for damages resulting from the negligent conduct of the
agents of a railroad in failing to stop its cars at the depot of a place
where, by a passenger's ticket, she had a right to depart from the
train, but stopping at another point and causing the passenger to
alight in the rain, whereby she was injured, a verdict for $100 be-
ing reasonable, and the court below having refused a new trial,
this court will not interfere.

April 20, 1886

Railroads. Damages. Negligence. Before Judge FAIN.
Dade Superior Court. September Term, 1885.

John B. Wilkinson and his wife brought their action
against the Alabama Great Southern Railroad Company,
alleging, in brief, as follows: On March 16, 1882, Mrs.
Wilkinson purchased a ticket entitling her to be carried
from one station to another on the line of the defendant's
road. She entered the car, carrying with her, by consent
of the conductor, her two infant children. At the point
of destination, the car was not stopped, nor was any oppor-
tunity given her to leave the train at the usual and proper
place for discharging passengers, but they were carried
some distance beyond and discharged at an unusual, un-
safe and inconvenient place. The weather was inclement,
and she was compelled to go back to the station with her
children with much inconvenience and annoyance, and as
a result, one of the children was made sick, causing her
to employ a doctor at a cost of $10, besides giving her
great trouble and anxiety.

The defendant pleaded the general issue. The evidence
for the plaintiffs tended to support the allegations of the
declaration. There was some conflict as to the distance be-
yond the station to the point at which Mrs. Wilkinson was
put off. She testified that it was about a quarter of a mile;
other witnesses testified that it was from 50 to 100 yards.
There was testimony to show that the defendant had no

station of its own, but used that of another road which joined it there; that the train stopped about 50 to 100 yards before reaching the station, and remained there about half an hour; that it then started on, and after passing the station, Mrs. Wilkinson called the attention of a person on the train to the fact that she had not left the train, that he in turn called the attention of the conductor thereto, and the latter at once stopped the train and Mrs. Wilkinson was assisted in alighting; that she never asked him to carry her back to the station; and that a witness told her to leave her baggage and have the agent carry it back; but she attempted to carry it a part of the way herself and was then assisted in doing so. There was some conflict as to whether the child was made sick by this exposure or by reason of having ridden two miles in an open wagon that morning.

The jury found for the plaintiffs $100. The defendan moved for a new trial, on the ground that the verdict was contrary to law and the charge of the court and was excessive. The motion was overruled, and exception was taken.

W. U. & J. P. Jacoway; R. J. McCamy, for plaintiff in error.

McCutchen & Shumate, for defendants.

Blandford, Justice.

The defendants in error sued the plaintiff in error for the negligent conduct of its agents in failing to stop its cars at the depot of a place where, by defendant's ticket, she had a right to depart from the train of plaintiff in error. The jury found a verdict for defendant in error, assessing her damages at one hundred dollars. The plaintiff in error moved for a new trial, which the court refused, and this is assigned as error.

The damages done to the defendant in error, if any, were

small; the verdict is reasonable; so thought the court below; he refused a new trial, and we will not interfere therewith.

Judgment affirmed.